IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES W. ROBINSON, JR.,              *

   Plaintiff,                            *

      v.                                  *     Civil Action No. DKC-20-0754

JOHN J. HANLEY, *et al.*,            *

   Defendants.                          *
                                 ***

**MEMORANDUM OPINION**

Plaintiff James W. Robinson, Jr. filed the above-captioned 42 U.S.C. § 1983 prisoner civil rights action against five state judges, Chief Judge Mary Ellen Barbera, Chief Judge Patrick L. Woodward, Court of Special Appeals Judges Robert A. Zarnoch and Kehoe, and Circuit Court Judge Paul J. Hanley, the Attorney General of Maryland Brian Frosh, and an Assistant Attorney General, Mary Ann Ince. Plaintiff seeks damages, a public hearing open to media outlets, injunctive relief in removing defendants from public office pending the outcome of this case, release from custody pending the outcome of this case, access to all transcripts from all criminal proceedings and other hearings, twenty-five thousand dollars for supplies, and other appropriate relief. He alleges that "in an act of cronyism" Judge Hanley denied his writ of actual innocence without a hearing in violation of state law, that Attorney General Frosh and Assistant Attorney General Ince made false statements in their appellate brief, that Chief Judge Barbera denied his petition for writ of certiorari, that Chief Judge Woodward denied his motion for reconsideration, and that the panel of Court of Special Appeals Judges acknowledged that Joseph Kopera testified in proceedings involving Plaintiff. Plaintiff's complaint arises from the discovery by the Office of Public Defender Innocence Project and the State Police that Mr. Kopera, reportedly an expert

in ballistics, had lied under oath about his academic credentials, and probably falsified evidence. He alleges that the failures of the named defendants were due to acts of cronyism to protect the legacy of Mr. Kopera who committed suicide. ECF No. 1.

Plaintiff filed this complaint *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. ECF No. 2. The affidavit in support of the motion fails to conform with the requirements of 28 U.S.C. § 1915(a)(2), the relevant portion of which provides that "[a] prisoner seeking to bring a civil action . . . without prepayment of fees or security therefore, in addition to filing the [requisite] affidavit . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." Thus, Plaintiff must obtain from each of the prisons where he was incarcerated over the past six months an inmate account information sheet showing the deposits to his account and monthly balances maintained therein.

In order to assist Plaintiff in providing this information to the court, the Finance Officer at the Baltimore City Correctional Center ("BCCC") shall file a certificate which indicates (1) the average monthly balance in the account for the six-month period immediately preceding the filing of this complaint and (2) the average monthly deposits to the account during that time.

To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This court is mindful, however, of its obligation liberally to construe self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true.

*Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).  Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented.").  In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . .  It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally."  *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

Plaintiff may not proceed with claims for damages against the Defendant Judges because these claims are prohibited by the doctrine of judicial immunity.  *See Forrester v. White*, 484 U.S. 219, 226-27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits.").  The doctrine of judicial immunity shields judges from monetary claims against them in both their official and individual capacities.  *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam).  Judicial immunity is an absolute immunity; it does not merely protect a defendant from assessment of damages, but also protects a judge from damages suits entirely.  *Id*. at 11.  An act is still judicial, and immunity applies, even if the judge commits "grave procedural errors."  *Id*. (quoting *Stump v. Sparkman,* 435 U.S. 349, 359 (1978)).  Moreover, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."  *Stump,* 435 U.S. at 355-56; *see Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (stating that a judge may not be attacked for exercising judicial authority even if done improperly); *Green v. North Carolina*, No. 4:08-CV-135-H, 2010

WL 3743767, at *3 (E.D.N.C. Sept. 21, 2010).  Claims for damages against the Defendant Judges will be dismissed.

Additionally, Plaintiff has provided insufficient information to determine if his claims may go forward against any of the Defendants.  First, it is unclear what ultimate relief Plaintiff is seeking in this court, namely whether he is seeking only to obtain a hearing on his petition(s) in state court.  Second, Plaintiff states that the Attorney General Defendants "provided false statements (claims)" against him in their "brief and appendix" to the Court of Special Appeals of Maryland.  ECF No. 1 at 3-4.  Plaintiff has not specified what was contained in the brief and appendix that were false statements. It is unclear if he has stated a claim for relief.

Plaintiff will be granted 28 days to supplement his complaint using pre-printed forms for use in filing a civil rights complaint.  In supplementing the complaint, Plaintiff must more clearly state if he is challenging decisions made by the state court, and if so, what is the nature of those decisions.  And finally, for Defendants Frosh and Ince, Plaintiff needs to state the nature of the "false statements" they provided in written documents filed with the court.  He is advised that case law citations or submission of exhibits with the complaint are not required; however, if an exhibit would assist the court and the named Defendants in understanding the basis of this complaint, the exhibit should be included.

Accordingly, Plaintiff will be provided 28 days to supplement the complaint.  A separate order follows.

September 15, 2020              _____/s/_____
                                DEBORAH K. CHASANOW
                                United States District Judge