IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES W. ROBINSON, JR., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. DKC-20-0754 |
| BRIAN E. FROSH and | * | |
| ASSISTANT ATTORNEY GENERAL MARY ANN INCE, | * | |
| Defendants. | * | |

***

# MEMORANDUM OPINION

Self-represented Plaintiff, James W. Robinson, Jr., filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 1. Mr. Robinson was incarcerated at the Baltimore City Correctional Center and has since been released from custody. ECF No. 18. Mr. Robinson's complaint relates to his 1986 criminal conviction in the Circuit Court for Baltimore County.

Mr. Robinson initially brought this action against five state judges, the Attorney General of Maryland Brian Frosh, and an Assistant Attorney General, Mary Ann Ince. The state court judges were dismissed from this action and Mr. Robinson was directed to file a supplement to the complaint to amplify his claims against Defendants Frosh and Ince. ECF Nos. 4, 5. Mr. Robinson filed a supplement to the complaint and service was directed on Defendants Frosh and Ince. ECF Nos. 9, 10.

Defendant Frosh filed a motion to dismiss which is pending. ECF No. 15. Service has not been effectuated on Defendant Ince. The memorandum of law filed in support of the motion to dismiss notes that Defendant Ince passed away on July 22, 2019, prior to the filing of this action.

ECF No. 15-1 at 1. Mr. Robinson filed a response in opposition to the motion to dismiss. ECF No. 17.

Having reviewed the submitted materials, the court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons set forth below, Defendant's motion to dismiss will be granted and the complaint dismissed.

## BACKGROUND

Mr. Robinson filed a complaint in which he seeks damages, a public hearing open to media outlets, injunctive relief in removing defendants from public office pending the outcome of this case, release from custody pending the outcome of this case, access to all transcripts from all criminal proceedings and other hearings, twenty-five thousand dollars for supplies, and other appropriate relief. He alleges that "in an act of cronyism" Judge Hanley denied his writ of actual innocence without a hearing in violation of state law, that Attorney General Frosh and Assistant Attorney General Ince made false statements in their appellate brief to the Court of Special Appeals, that Chief Judge Barbera denied his petition for writ of certiorari, that Chief Judge Woodward denied his motion for reconsideration, and that the panel of Court of Special Appeals Judges acknowledged that Joseph Kopera testified in proceedings involving Mr. Robinson.

Mr. Robinson's complaint arises from the discovery by the Office of Public Defender Innocence Project and the State Police that Mr. Kopera, purportedly an expert in ballistics, had lied under oath about his academic credentials, and probably falsified evidence. ECF No. 1 at 4-5.

The court reviewed the complaint under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and determined that Mr. Robinson may not proceed with claims for damages against the Defendant Judges because these claims are prohibited by the doctrine of judicial immunity. ECF Nos. 4, 5.

2

Mr. Robinson was directed to supplement his complaint against remaining Defendants Frosh and Ince. Mr. Robinson was instructed to state more clearly if he is challenging decisions made by the state court in his criminal proceedings, and if so, the nature of those decisions. Mr. Robinson was also directed to state the nature of the "false statements" Defendants Frosh and Ince purportedly provided in written documents filed with the court.

Mr. Robinson filed a supplement to the complaint that states that the Attorney General's office allowed "Administrators of the Circuit Court for Baltimore County . . . to Roguishly Destroy all court transcripts pertaining to years of false testimony" by Joseph Kopera. ECF No. 9 at 3. He states that the Attorney General's office allowed the court to destroy the handgun recovered in his case preventing DNA testing to prove his innocence. ECF No. 9 at 3-4. He further states that "Joseph Kopera produced the [h]andgun to the court and gave false testimony as to is origin; then had the handgun destroyed." *Id.* at 4.

Mr. Robinson filed with his supplement a letter from the Chief Court Reporter for the Circuit Court for Baltimore County. ECF No. 9-1. The letter states that the stenographic notes from the year 1992 and prior have been destroyed and a transcript cannot be provided, and additionally, no cassette tapes are available. *Id.* at 1.

Mr. Robinson also provided the decision of the Court of Special Appeals pertaining to his second state court petition for writ of actual innocence. ECF No. 9-5 at 1-4. The decision notes that the Circuit Court denied the petition and on appeal Mr. Robinson raised a single issue, "whether the circuit court erred in not holding a hearing on his petition." *Id.* at 2. In affirming the decision, the Court of Special Appeals stated:

> In his petition, Robinson asserted that Kopera testified at his "arraignment hearing" on July 15, 1986. We note that it is not customary to take testimony during an arraignment hearing and that the record does not indicate that anyone testified on that date.

3

> However, for the purposes of this appeal, we assume that Kopera testified at some type of pre-trial hearing in Robinson's case." ECF No. 9-5 at 2 n. 1.
>
> Although appellant's petition also included a conclusory request to perform DNA testing on a handgun, which he claimed had been given to the State by an unnamed informant, he does not contend on appeal that the court erred in not granting that request. In any event, appellant also requested DNA testing of the alleged handgun in his first petition for writ of actual innocence, filed in 2010, and the trial court rejected that request, finding that no handgun had been recovered in his case. Because appellant's petition did not allege the existence of newly discovered evidence regarding the gun, he was not entitled to raise that claim again in his second opinion. *See Douglas v. State*, 423 Md. 156, 184-85 (2011) (stating a petitioner may not file multiple petitions for a writ of actual innocence based on the same claim). ECF No. 9-5 at 2-3 n.2.

The Court of Special Appeals held that "[e]ven assuming Mr. Robinson could prove that Joseph Kopera provided 'false testimony' at a pre-trial hearing in his case, his petition failed to demonstrate how that testimony created a substantial or significant possibility that the result of his trial might be different. *Id.* at 3. The court further noted "[a] review of the record indicates Kopera did not testify at appellant's trial and that no handgun or ballistics evidence was introduced. Instead, Robinson's convictions were based on the identification testimony of two witnesses." *Id*.

Mr. Robinson states that the Attorney General's "false statement that Plaintiff failed to provide the court with proper documentation for a court hearing…" violated his due process rights. ECF No. 9 at 4. His claim is unclear, but he appears to be stating that the Attorney General failed to assert in filings with the Court of Special Appeals that there was newly discovered evidence that entitled him to a hearing on his petition of actual innocence.

## STANDARD OF REVIEW

In reviewing the complaint in light of a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6), the court accepts all well-pleaded allegations of the complaint as true and construes the

4

facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

      The Supreme Court of the United States explained a "plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 555.  Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563.  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**DISCUSSION**

Defendant Frosh seeks dismissal under Federal Rule of Civil Procedure 12(b)(6) arguing that: (1) as the Attorney General of Maryland, the claim against him is barred by the Eleventh Amendment; (2) the claim is barred by the doctrine of absolute prosecutorial immunity; and (3) the claim is barred by statutory immunity.

### A. Prosecutorial Immunity[1]

Mr. Robinson claims that the Attorney General's Office and Mr. Frosh argued in their post-conviction filings in the Court of Special Appeals that he failed to assert that there was newly discovered evidence that entitled him to a hearing on his petition of actual innocence. He asserts this was "false" information and because the trial transcripts and a recovered gun were destroyed, he was prevented from proceeding with his case. ECF No. 1 at 3-4; ECF No. 9 at 3-4.

The Maryland Attorney General is a quasi-judicial officer who enjoys absolute immunity when performing prosecutorial functions, as opposed to investigative or administrative ones. *See Imbler v. Patchman*, 424 U.S. 409, 422-23 (1976); *see also Kalia v. Fletcher*, 522 U.S. 118, 127 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018); *Springmen v. Williams*, 122 F.3d 211 (4th Cir. 1997). Thus, the inquiry is whether a prosecutor's actions are closely associated with judicial process. *See Burns v. Reed*, 500 U.S. 478, 479 (1991) (citing *Imbler*, 424 U.S. at 422-23). The court must use a "functional approach" to "determine whether a particular act is 'intimately associated with the judicial phase.'" *Nero*, 890 F.3d at 118 (quoting *Imbler*, 424 U.S. at 430).

---

[1] Because the claims asserted concern actions by the Attorney General in his capacity as a prosecutor and the complaint otherwise fails to state a claim, the remaining defenses will not be addressed.

In *Carter v. Burch*, 34 F.3d 257 (4th Cir. 1994), the Fourth Circuit applied this functional approach to a claim that the prosecutor failed to disclose evidence at the post-conviction phase of a criminal case. The court found that although the trial had been completed, the prosecutor's functions in representing the State in "post-conviction motions and direct appeal very much implicated the judicial process" and that this entitled the prosecutor to absolute prosecutorial immunity. *Id.* at 263.

Similarly, Attorney General Frosh enjoys absolute prosecutorial immunity for actions alleged to have been taken in post-conviction proceedings and on appeal. These same claims brought against Defendant Ince also fail on the grounds of prosecutorial immunity.[2]

### B. Failure to State a Claim

This court is mindful of its obligation liberally to construe the pleadings of self-represented litigants, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Twombly*, 550 U.S. at 555–56). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Mr. Robinson was provided with an opportunity to supplement his complaint pertaining to Defendants Frosh and Ince. ECF No. 5. In the supplement, Mr. Robinson states "[f]rom the year 1986 until present the Attorney General's office has allowed Administrators of the Circuit Court for Baltimore County … to Roguishly Destroy all court transcripts pertaining to years of false

---

[2] To the extent that the complaint attempts to assert a claim against the Office of the Attorney General, itself, the Eleventh Amendment bars such a claim. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (a state, its agencies and departments are immune from suits in federal court).

testimony, by one Joseph Kopera…". ECF No. 9 at 3. He further states that the "Attorney General's Office Allowed the Rogue Court to Destroy Rather Than Preserve Scientific Identification Evidence in violation of Marylands (sic) DNA testing and preservation of scientific identification evidence …". *Id.*

To the extent that Mr. Robinson is claiming that Attorney General Frosh was involved in a conspiracy to destroy transcripts and evidence, his conclusory allegations are insufficient to state a claim. He offers no facts to indicate that Defendant Frosh took action to destroy transcripts and evidence. He does not indicate how the Attorney General's Office "allowed" the court to take this action. He merely concludes that there was a collusive effort between the Attorney General and the court based on his belief about how the transcripts and evidence were handled in his case.

A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Mr. Robinson fails to allege facts to support his allegations. The complaint, along with the supplement, does not state a federal claim that may proceed.

## CONCLUSION

By separate Order that follows, Defendant Frosh's motion to dismiss is granted and the complaint shall be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

December 14, 2021 _____/s/_____
DEBORAH K. CHASANOW
United States District Judge